IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

NOV 03 2008

Clerk, U.S. District Court
By _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action |
| e. | ) No. 08-10143-01-MLB |
| ERNESTO REYES-VILLEGAS, | ) |
| Defendant. | ) |

**PLEA AGREEMENT**

The United States of America, by and through Special Assistant United States Attorney, Mark Curzydlo, and Ernesto Reyes-Villegas, the defendant, personally and by and through defendant's counsel, Cyd Gilman, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Superseding Information charging a violation of Title 18, United States Code, § 1952, and §2, that is, Interstate Transportation in Aid of Racketeering. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Superseding Information to which the defendant has agreed to plead guilty is not more than 5 years of imprisonment, a $250,000 fine, up to 3 years of supervised release, and a $100 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

   On June 10, 2008, the defendant was stopped by a Kansas Highway Patrol Trooper for a traffic infraction occurring in the District of Kansas on Interstate 70.

The defendant was the front seat passenger and Jose Arturo Castillo-Maciel, a/k/a Francisco Ramirez-Maciel, was the driver. The trooper learned the defendant was traveling from California, through Kansas, on his way to St. Louis, Missouri. Upon permission to search the rented vehicle, the trooper found what was confirmed by subsequent laboratory testing to be heroin, weighing over one kilogram. This heroin was located in two wrapped packages and affixed underneath the rear bumper of the vehicle with black plastic ties and black tape. A bag containing a roll of black tape and plastic ties was also located in the trunk of the vehicle. After waiving his *Miranda* rights, the defendant advised DEA TFO Doug Rule that he was traveling interstate with Ramirez-Maciel with the intent to collect a "drug debt", which would be monies owed from the illegal distribution of narcotics. This interstate travel was thereby promoting, carrying on, and facilitating the illegal narcotics business.

3. **Application of the Sentencing Guidelines.** The parties request that the advisory United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the advisory guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any

dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 2, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3. Defendant acknowledges that the amount of heroin being transported in this case qualifies as relevant conduct.

5.  **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    a.  To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment or information;

    b.  To recommend a sentence at the low end of the applicable guideline range;

    c.  To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty.

    d.  To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw all of its recommendations without breaching this agreement.

3

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred.  The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings.  The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Sentence to be Determined by the Court.**   The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Withdrawal of Plea Not Permitted.**   The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8. **Payment of Special Assessment.**   The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing.  The defendant agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea.  If the defendant fails to make full payment of the special

assessment the United States will no longer be bound by the provisions contained in Section 5(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

9. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

10. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the

5

United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552 and the defendant waives any rights conferred under the Privacy Act of 1974, Title 5, U.S.C. § 552a to prevent or object to the disclosure of records or materials pertaining to this case.

**11.** **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**12.** **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**13.** **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result

of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

*[signature]*            Date: 11-3-08

Mark Curzydlo
Special Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
Telephone: 316-269-6481
mark.curzydlo@usdoj.gov
Ks.S.Ct. #19898

By Authority of *[signature]*       Date: 11-3-08

Lanny D. Welch
Criminal Chief/Supervisor

*[signature] Ernesto Reyes Villegas*       Date: 11-3-08

Ernesto Reyes-Villegas
Defendant

*[signature]*            Date: 11-3-08

Cyd Gilman
Assistant Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, Kansas 67202
Telephone: 316-269-6445
Cyd_Gilman@fd.org
Supreme Court No. 09942